**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------

**JOHN DOE,**                                             **16-cv-7256 (JGK)**

               Plaintiff,                    **MEMORANDUM OPINION AND**
                                                          **ORDER**
    - against -

**UNITED STATES OF AMERICA,**

               Defendant.

------------------------------------------------

**JOHN G. KOELTL, District Judge:**

    The plaintiff, proceeding pro se under the pseudonym "John Doe," brings this action pursuant to 28 U.S.C. 1346(a) against the defendant, the United States of America, alleging that the Government improperly denied the plaintiff a tax refund for tax years 2006 and 2008. The plaintiff alleges that he filed his tax returns for 2006, 2007, and 2008 in February 2013, and that at the time of filing, he provided documentation of a financial disability pursuant to 26 U.S.C § 6511(h) that should have suspended the period of limitation for filing a claim for a refund of an overpayment of taxes. The plaintiff alleges that a medical condition caused him to be financially disabled, which is defined in 26 U.S.C § 6511(h)(2)(A) as an inability to "manage . . . financial affairs by reason of a medically determinable physical or mental impairment . . . ." The plaintiff alleges that the Internal Revenue Service ("IRS")

approved his refund claim for 2007 based on his alleged financial disability, but erroneously denied his refund claims for 2006 and 2008.

The plaintiff moves to retain this action under an anonymous designation.

I.

Under Rule 10(a) of the Federal Rules of Civil Procedure, "[t]he title of [a] complaint must name all the parties." Fed. R. Civ. P. 10(a). "This requirement, though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 188–89 (2d Cir. 2008). "[T]he interests of both the public and the opposing party should be considered when determining whether to grant an application to proceed under a pseudonym." Id. at 189. This is a "factor-driven balancing inquiry [that] requires a district court to exercise its discretion in the course of weighing competing interests." Id. at 190.

The Second Circuit Court of Appeals has "note[d] with approval" a list of non-exhaustive factors that courts should consider when proceeding with such an inquiry. Id. at 190-91. Such factors include (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental

harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of the plaintiff's age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, due to the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff. See id. at 190. Courts are "not required to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion." Id. at 191 n.4.

In assessing a pro se plaintiff's request to proceed anonymously, courts construe such pleadings liberally. See id. at 191.

## II.

In this case, the adequacy of alternative mechanisms for protecting the confidentiality of the plaintiff weighs against allowing anonymity. See Sealed Plaintiff, 537 F.3d at 190. The plaintiff argues that he should be allowed to proceed under a pseudonym because this case involves his personal and sensitive medical information, the disclosure of which could affect his future career prospects. The plaintiff claims that he is particularly vulnerable to such economic harms because of the allegedly small number of professionals with the plaintiff's level of expertise, and he argues that the disclosure of his identity would imperil his ability to continue to serve as a confidential non-testifying expert witness and consultant to this discrete sector.

However, "[r]edacted and sealed submissions are routinely used in cases involving sensitive medical information." Anonymous v. Medco Health Sols., Inc., 588 F. App'x 34, 35 (2d Cir. 2014) (rejecting the contention that a plaintiff's medical condition and its effect on career prospects justified the plaintiff's request to proceed anonymously). Just as in Medco Health, the plaintiff's concerns about the private nature of his

4

medical information and its potentially negative impact on his career can be sufficiently addressed through the alternative mechanism of redaction and sealed submissions.[1]  Particularly in light of these alternative procedures for maintaining the plaintiff's privacy, the plaintiff's prediction that his economic prospects may be diminished is not a sufficient basis to permit the plaintiff to proceed anonymously here.  See Abdel-Razeq v. Alvarez & Marsal, Inc., No. 14-cv-5601 (HBP), 2015 WL 7017431, at *4 (S.D.N.Y. Nov. 12, 2015) (concluding that potential lost opportunities to serve as an expert witness was "not a compelling reason to grant [a motion to redact retroactively a defendant's name or replace it with a pseudonym] because [the movant] has not demonstrated any real, non-speculative, impact on her professional prospects," and observing that "courts have consistently rejected anonymity requests predicated on harm to a party's reputational or economic interests"); Guerrilla Girls, Inc. v. Kaz, 224 F.R.D. 571, 573 (S.D.N.Y. 2004) (denying a request to proceed anonymously because "the only injury that defendants allege they will suffer if they are forced to reveal their true identities

---

[1] The plaintiff relies on Doe v. Provident Life & Acc. Ins. Co., 176 F.R.D. 464, 468 (E.D. Pa. 1997) to argue that the interest in keeping medical information private can be sufficient to allow a plaintiff to pursue litigation anonymously.  But the court in Provident did not evaluate the sufficiency of alternative measures for protecting the confidentiality of the plaintiff.  See 176 F.R.D. at 467-68.  By contrast, in this case, sealed submissions and redactions can adequately protect the plaintiff's privacy interests.

5

is economic injury, and they do not make clear either the nature of the harm or the likelihood that it will occur").

The plaintiff references a potential harm to innocent non-parties -- his clients -- and asserts that he has non-disclosure agreements with certain clients such that "the public disclosure of their names would cause significant harm to their privacy rights." But the issue of whether the plaintiff should be required to proceed in this litigation under his own name is separate and apart from the issue of whether the plaintiff must disclose his clients' identities in court submissions. Indeed, any issue with the plaintiff's clients' identifying information can adequately be addressed through redaction and sealed submissions.

The plaintiff also asserts that pursuing this litigation under his own name would increase the risk of retaliatory acts by the Government, citing an incident where an IRS agent made inappropriate comments about the plaintiff during a meeting with the plaintiff's tax attorneys. While the IRS agent's comments as alleged are troubling, it is unclear how permitting the plaintiff to proceed anonymously would mitigate the risk of retaliation raised by the plaintiff. The plaintiff has already disclosed his identity to the Government in order to allow the Government to investigate the plaintiff's claims. Accordingly, to the extent that any such retaliatory motive exists,

permitting the plaintiff to proceed anonymously would do nothing to protect him from future retaliatory actions because the Government is already aware of the plaintiff's identity. See Doe v. Nat'l Conference of Bar Exam'rs, No. 16-cv-264 (PKC), 2017 WL 74715, at *3 (E.D.N.Y. Jan. 6, 2017) (denying a request to proceed anonymously in part because it was clear that the defendants were already "fully aware of Plaintiff's identity and her status as the plaintiff in this action"); see also Doe v. Shakur, 164 F.R.D. 359, 362 (S.D.N.Y. 1996) (denying a plaintiff's request to proceed anonymously in part because "those who presumably would have any animosity toward [the plaintiff] already know her true identity").

The plaintiff argues that he should be permitted to proceed anonymously because he is challenging the actions of the government. While a suit against the government is often a factor that weighs in favor of permitting a plaintiff to proceed anonymously, courts have also determined that it can weigh against the use of a pseudonym. See, e.g., Doe v. City of New York, 201 F.R.D. 100, 102 (S.D.N.Y. 2001) ("[P]laintiff is challenging government activity, which in this case appears to cut against her position because the involvement of the government indicates that there is a public interest in the facts of the incident at issue as opposed merely to a public interest in knowledge of the manner in which the courts function

in resolving disputes."). Here, the fact that the plaintiff has filed suit against the Government is insufficient to warrant anonymity when there are alternative mechanisms for protecting the plaintiff's sensitive information. The plaintiff is challenging the technical application of the financial disability provision of the tax laws -- a relatively uncontroversial topic where the plaintiff's risk of public scorn is minimal. Moreover, the disclosure of a public dispute by a taxpayer with the Government is a matter of important public interest.

In sum, the plaintiff's posed concerns that could result from disclosing his identity in this litigation "do[] not compare with the serious interests that courts have found to justify permitting a plaintiff to proceed anonymously, such as risks of physical harm or unjustified invasions of privacy or public embarrassment." See Nat'l Conference of Bar Exam'rs, 2017 WL 74715, at *3; see also Grottano v. The City of New York, 15-cv-9242 (RMB), 2016 WL 2604803, at *2 (S.D.N.Y. Mar. 30, 2016) (permitting the plaintiffs to proceed under pseudonyms in a suit alleging that prison guards conducted inappropriate body cavity searches prior to the plaintiffs' visiting of prison inmates); Malibu Media, LLC v. Doe, 15-cv-2624 (ER), 2015 WL 6116620, at *5 (S.D.N.Y. Oct. 16, 2015) (permitting defendant to proceed under pseudonym where defendant was accused of illegally

downloading adult videos); Michael v. Bloomberg L.P., 14-cv-2657 (TPG), 2015 WL 585592, at *3 (S.D.N.Y. Feb. 11, 2015) ("There is no issue here of physical retaliation or mental harm against plaintiff. Nor is this the type of unusual case involving matters of a highly sensitive or personal nature—i.e., claims involving sexual orientation, pregnancy, or minor children—in which courts have justified anonymous plaintiffs proceeding pseudonymously.").

Upon balancing the interests of the plaintiff, the defendant, and the public, the relevant factors weigh against permitting the plaintiff to proceed anonymously in this case.

## CONCLUSION

The remaining arguments of the parties are either moot or without merit. For the reasons outlined above, the plaintiff's motion to proceed anonymously is **denied.** However, any references to the plaintiff's medical information or the identity of the plaintiff's clients may be kept under seal, and any Court submissions referring to this information should be redacted. Any additional requests to seal or redact certain submissions will be addressed by the Court as they arise.

The Clerk is directed to close all pending motions.

**SO ORDERED.**

**Dated:** **New York, New York** _____/s/_____
**May 31, 2017** **John G. Koeltl**
**United States District Judge**

9