IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

**PLAINTIFF:  Joshua Rosner**

<u>**Pro Se**</u>

Case No. 1:16-cv-07256 (JGK)

<u>**MOTION FOR PARTIAL SUMMARY**</u>
<u>**JUDGMENT**</u>

Vs.

**DEFENDANT: United States of America**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/11/17



## Summary

The claims in this action, my rights to refunds during periods of financial disability [*26 USC 6511(h) and Rev. Proc. 99-21*] are proven in the plain language of the statute and revenue procedure as demonstrated by the administrative record. Given that there is no dispute about the amount of liability/overpayment here there is no reason for de novo inquiry. Adjudication of my claim rests on whether the Defendant's actions were arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. This action is ripe for determination as the administrative record presented in this action is complete and there is no dispute over the fact or amount of liability/overpayment.

The misapplication of the relevant law and revenue procedure, the Defendant's prior recognition of my proof of financial disability and the various arbitrary and capricious actions by the Office of Appeals should preclude the Defendant in regard to the claims regarding and the issues of my proof of financial disability.

This Court need only determine if the Service's decision was "based on a consideration of the relevant factors and whether there has been a clear error of judgment". The record should support judgment that the Defendant is precluded from contesting the submitted proof of disability and that abuse of discretion has been proven. The proof submitted clearly conforms to the clear language of the relevant law and the "form and manner" proscribed by the Secretary proscribed to demonstrate proof. Failures, of the examiners and appeals officials reviewing my 2006 and 2008 proof of disability, to follow statutory and procedural requirements should clearly act to estop the Defendant.

The Supreme Court has made clear that this Court has clear jurisdiction to resolve administrative determinations of the Internal Revenue Service. Furthermore, unless statutory purpose to the

contrary is evident, preclusion applies to agency decisions. Here, there are no such statutory preclusions.

Beyond the clear abuses of discretion, this Court should estop the Defendant in regard to issues of my proof of disability and, since that proof was accepted in a prior decision in my favor, and there is no disagreement of the liability/overpayments, it should resolve my claim res judicata.

Furthermore, this action is timely as required by 26 U.S.C. 6532(a). The Defendant failed to comply with the statutory requirements of *26 U.S. Code § 6402(l)*. The statute, legislative language and revenue procedures all demand that a Notice of Disallowance include the "specific reason" for disallowance of a refund claim. The Defendant failed to meet those requirements until August of 2016 and only did so as a result of my Freedom of Information Act demand. As a result, the 2-year period to file suit commenced upon the Defendant's perfecting the Notice of Disallowance as required by law.

Even if the Court fails to provide summary judgment as the result of the failure of the Defendant to comply with *6402(l)*, there is reason to estop the Defendant as a result of their failure to comply with 6532(a) and there are, at least, two basis for tolling 6532(a).

As this Motion demonstrates, I have defeated the Defendant's First, Second, Third, Fourth and Fifth Defenses and there is no dispute on the amounts of overpayments as shown in the record. The Court has authority, and is correct, to decide this case on abuses of discretion. There is no reason for further development of the administrative record. It is thus that I seek Partial Summary Judgment in this matter.

**Preclusion Applies to the Office of Appeals**

The Supreme Court clearly and unambiguously stated: *"in those situations in which Congress has authorized agencies to resolve disputes, "courts may take it as given that Congress has legislated with the expectation that the principle [of issue preclusion] will apply except when a statutory*

3

*purpose to the contrary is evident."* [*B & B HARDWARE v. Hargis Industries, 135 S. Ct. 1293 – S. Ct. (2015) citing Astoria, supra, at 108, 111 S.Ct. 2166*]. The Supreme Court's view was further clarified in stating: *"to the extent that administrative adjudications resemble courts' decisions -- a very great extent -- the law worked out for courts does and should apply to agencies."* [*University of Tennessee v. Elliott, 478 US 788 – S.Ct. (1986)*]. Here, as in [*United States v. Utah Constr. & Mining Co., 384 US 394 – S.Ct. (1966)*] *"both parties had a full and fair opportunity to argue their version of the facts and an opportunity to seek court review of any adverse findings. There is, therefore, neither need nor justification for a second evidentiary hearing on these matters already resolved as between these two parties"* [*Exhibit J*]. To suggest that the right to adjudicate a final decision can only be applied to decisions of Article III courts ignores that *"it may assign to administrative agencies the adjudication of disputes involving "public rights" stemming from federal regulatory programs."* [*Al Bahlul v. United States, 792 F.3d 1, 55-56 (D.C. Cir. 2015)*]

So, the issue in this action is whether Congress "authorized" the Internal Revenue's Office of Appeals to resolve disputes and whether there is any statutory purpose evident to prevent claim preclusion from applying to the prior decisions of the Office of Appeals. The law clearly empowers the Office of Appeals to adjudicate and solve disputes between taxpayers and the government [*26 U.S. Code § 6330(b)(1), 26 U.S.C. § 7123(a), 26 CFR 301.7430-7(C)(2)(d)*]. It is for this reason that authority was further codified in the Taxpayer Bill of Rights as directed by *PUBLIC LAW 104 – 168*

It is certain that congress intended to convey adjudicatory power in the Office of Appeals when it stated: *"Another goal is to provide rapid resolution for taxpayers of disputes with the IRS, including disputes over penalties. Accomplishing this goal entails giving "front line" IRS employees the authority to resolve disputes (within certain parameters) on their own authority."* [*Joint Committee on Taxation, JCS-3-99, July 22, 1999*]. The Treasury Inspector General for Tax Administration (TIGTA) has acknowledged adjudicative authority *"The Office of Appeals (Appeals) is an independent function within the IRS whose mission is to resolve disputes"* [*TIGTA 2017-10-068 to the*

4

*Internal Revenue Service Chief, Appeals]. The Service too acknowledges the Office of Appeals is "the only administrative function of the Service with the authority to consider settlements of tax controversies, and as such has the primary responsibility to resolve these disputes without tax litigation to the maximum extent possible."* [Appeals – An Independent Organization] and states *"Appeals' role is to settle disputes on a fair and impartial basis that favors neither the government nor the taxpayer. Appeals should not perform compliance actions. Rather, we attempt to settle a case after IRS compliance functions (Accounts Management, Collection, and Examination) have made a determination with which the taxpayer disagrees."* [Fact Sheet IRS Clarifies Office of Appeals Policies (Updated October 1, 2016)]. *"Appeals states that AJAC is intended to emphasize its "quasi-judicial" nature. According to Black's Law Dictionary, "quasi-judicial" is a term not easily definable, but generally connoting "[o]f, relating to, or involving an executive or administrative official's adjudicative acts."* [TAS MSP #8 APPEALS: The Appeals Judicial Approach and Culture]. This is codified in the Internal Revenue Manual [IRM 8.1.1.].

As a result, the Appeals officer is the *"individual in the Office of Appeals who has been delegated the authority to settle the dispute on behalf of the Commissioner, and states or indicates that the notice is the final determination of the entire case."* [26 CFR 301.7430-3(C)(2)]. According to the Taxpayer's Bill of Rights (*Pub. Law 104-168*), *"Taxpayers are entitled to a fair and impartial administrative appeal of most IRS decisions, including many penalties, and have the right to receive a written response regarding the Office of Appeals' decision. Taxpayers generally have the right to take their cases to court."* I sufficiently availed myself of the Service's adjudicatory authority and thus filed this instant action.

**Discovery – Liability is not in Dispute De Novo Review is Not Warranted**

Furthermore, since there is no disagreement on the question of overpayment or on the amount of the overpayments as shown in the record [*Exhibits B and H*], the standard of review in this matter should therefore preclude de novo discovery. Instead the issues of discovery should review the

Office of Appeals for abuse of discretion. It is for this reason that the Defendant's reference to Dietz in request for discovery is misguided. [*RE Dietz Corp. v. US, 939 F. 2d 1 - Court of Appeals, 2nd Circuit 1991*] In Dietz, the liability itself was the basis of the claim. In the matter before this Court there is no dispute regarding the liability (overpayment). As a result, there is no reason for de novo discovery and the administrative record should be the basis for consideration of abuse of discretion. The Supreme Court supported this view when it noted: *"The district court reviewing the determination of the IRS appeals officer generally conducts its review on the administrative record."* [*Camp v. Pitts, 411 U.S. 138, 142, 93 S. Ct 1241, 1244 (1973)*]. The Supreme Court further noted:

> *The appropriate standard for review was, accordingly, whether the Comptroller's adjudication was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," as specified in 5 U. S. C. § 706 (2) (A). In applying that standard, the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court.*

> [*Camp v. Pitts, 411 US 138 – S.Ct. (1973)*]

The Tax Court and numerous circuit courts have since made it clear that *"we review the Office of Appeals' determinations about challenges to the amount of the underlying tax liability de novo and its administrative determinations unrelated to the amount of tax liability for abuse of discretion."* [*Portwine v. Commissioner of Internal Revenue, Court of Appeals, 10th Circuit (2016)*] *"Further, this Court "is not empowered to substitute its judgment for that of the agency."* [*Overton Park, 401 U.S. at 416, 91 S.Ct. at 824, 28 L.Ed.2d at 153*]. *"Its task is simply to determine whether the agency's "decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment."* [*Id.; Gallegos v. Lyng, 891 F.2d 788, 790 (10th Cir.1989)*]. In this matter, the administrative record provides all of the information necessary for the Court to recognize the abuses of discretion.

**6511(h) & Rev. Proc. 99-21    Binding and Clear Language of Law and Revenue Procedure**

We then turn to the evidence in this matter – namely the proof submitted [*Exhibit A*] and its clear conformance with both 26 U.S.C. 6511(h) and the *"form and manner"* required, by the Secretary, as proof. The record clearly demonstrates [Exhibit A and J] the sufficiency of proof. The record in this matter is complete and should be reviewed for abuse of discretion, there is no basis on which to review the determination of financial disability de novo. *"For judicial review of administrative appeals, the Second Circuit has held that a decision "would be an abuse of discretion if it were made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis" [MRCA Information Services v. US, 145 F. Supp. 2d 194 - Dist. Court, D. Connecticut 2000].*

The Defendant defense rests on a clear misunderstanding of the law at 26 U.S.C. 6511(h) and Revenue Procedure 99-21.  26 U.S.C. 6511(h) "Running of periods of limitation suspended while taxpayer is unable to manage financial affairs due to disability" clearly states: *"An individual shall not be considered to have such an impairment unless proof of the existence thereof is furnished in such form and manner as the Secretary may require."* The Internal Revenue Manual at 21.6.6.4.20 states: *"Section 6511(h), as amended effective July 22, 1998, by Section 3202 of IRS Restructuring and Reform Act of 1998, suspends the running of the statute of limitations for filing claims for refunds if a taxpayer was financially disabled; i.e., was unable to manage his or her financial affairs ... Rev. Proc. 99-21, 1999-1 C. B. 960, describes the information that must be furnished <u>as proof</u> of financial disability (emphasis added)."*

Courts have regularly and repeatedly recognized this clear statement and reading of the requirements of proof of financial disability. *"No person may be considered financially disabled unless "proof of the existence thereof is furnished in such form and manner as the Secretary may require." Id. § 6511(h)(2)(A). The Secretary has promulgated the form and manner of such proof in Revenue Procedure 99-21. See Rev. Proc. 99-21, 1999-17 I.R.B. 18 [hereinafter Rev. Proc. 99-21]. To*

7

*quality as financially disabled, the claimant must submit two statements at the time he or she submits the claim..."[(ESTATE OF KIRSCH v. US, Dist. Court, WD New York 2017), (Chan v. COMMISSIONER OF INTERNAL REVENUE, Court of Appeals, 10th Circuit 2017), (Peck v. COMMISSIONER OF INTERNAL REVENUE, 2016 TC), (Redondo v. US, Court of Appeals, Federal Circuit 2013), (Abston v. CIR, 691 F. 3d 992 - Court of Appeals, 8th Circuit 2012), (Green v. COMMISSIONER OF INTERNAL REVENUE, 2009 TC), (Perkins v. COMMISSIONER OF INTERNAL REVENUE, 2008 TC)* Contrary to the Defendant's assertion, Revenue Procedure 99-21 is not an opening to further discovery by the examiner, rather it is the only proof that the Secretary has plainly required and there has been no rulemaking that supersedes the Revenue Procedure. The letter from my Doctor and my attestation met each of the elements and requirements of Rev. Proc. 99-21. [Exhibit A]

## 6511(h) & Rev. Proc. 99-21 – Clear Abuses of Discretion by the Examiner and Appeals

The Appeals Officer reviewing my 2006 and 2008 Appeal of a disallowance of refund countenanced her decision not on the proper application of the U.S.C. 6511(h) but on various violations of statute and procedural abuses defined in the IRS' manual. These "abuses of discretion" are clear and are already in the records of this Court. The documents added to my file, by the Appears Office and provided in response to my FOIA in August 2016, clearly demonstrate that I was investigated for my political views on the Secretary of Treasury [*Exhibit Q*] and those documents, which were placed in my file, helped form the basis of her denials [*Exhibit P*] and the misapplication of the controlling statute and revenue procedure.

The record demonstrates the Appeals Officer recklessly and negligently violated numerous procedures including: *"Prohibitions of Appeals from acting as an examiner or investigator"* [*July 02, 2014 MEMORANDUM FOR APPEALS EMPLOYEES Control No. AP-08-0714-0004 Expiration Date: 09/02/2016 Affected IRMs*] as she did by her investigations; *"reopen(ing) an issue on which the taxpayer and the Service are in agreement"* [IRM 1.2.17.3  (08-13-2014)] as related to my sufficient

proof of disability [*Exhibit*]; failure to "*attempt to settle a case on factual hazards when the case submitted by Compliance is not fully developed*"[IRM 8.6.1.6.2 (10-01-2016)]; "*develop(ed) evidence that is not in the case file to support the new theory or argument*"[Ibid.] by replacing clear proof of a Doctor as required by the Secretary with her own layman judgment [*Exhibit P*]; recklessly fabricating information not in the Doctor's letter submitted as proof [*Exhibit P*]. The record demonstrates the Appeals Officer claimed that my Doctor stated that my disability was intermittent. [*Exhibit P*] Nowhere in the doctor's letter submitted as required by Rev. Proc. 99-21 [*Exhibit A*] is it stated, or suggested, that my condition was "intermittent". For all of the above reasons, the Defendant's First, Third, Fourth, Fifth have been overcome and the abuse of discretion creates clear justification for Summary Judgment on the 6511(h) proof of disability. As a result, my refund claims should be granted.

**Res Judicata Applies to Tax Decisions Even for Different Tax Years**

Beyond the clear abuses of discretion which should support a decision for Summary Judgment, there is no disagreement here whether the matter before this Court is premised on the same claim, the same issues, the same facts, the same evidence or the same parties as resolved in my favor by an Appeals Officer who accepted my proof of disability and granted my refunds for 2007 and 2009.

Therefore, the question must turn to the government's contention that each tax-year is distinct when relating to res judicata. Here, the Supreme Court is clear "*that the doctrine of res judicata applies to cases in the courts under the tax laws, and that, where the parties are the same and the question identical, the fact that different tax years are involved will not prevent its application.*" [*Bennett v. Commissioner of Internal Revenue, 113 F.2d 837 (5th Cir. 1940)*]. Furthermore, "*As petitioner says, the scheme of the Revenue Acts is an imposition of tax for annual periods, and the exaction for one year is distinct from that for any other. But it does not follow that Congress in adopting this system meant to deprive the government and the taxpayer of relief from redundant litigation of the identical question of the statute's application to the taxpayer's status.*" [*U.S. Supreme*

9

*Court. Tait v. Western Maryland Railway Co., 289 U.S. 620 (1933)]. Because normal rules of preclusion should operate to relieve the parties of "redundant litigation [over] the identical question of the statute's application to the taxpayer's status." [U.S. Supreme Court Montana v. United States, 440 U.S. 147 (1979)]* the Service's earlier acceptance of my proof of disability for 2007 and 2009 *[Exhibit J]* should ground res judicata on my claim. Even if the Court refuses to apply res judicata on the claim, it must estop the Defendant from further challenge on the issue of my proof of disability for the 2006 and 2008 tax-years.

The issue preclusion is clear and there has been no *"modification of the significant facts or a change or development in the controlling legal principles" [BURLINGTON SANTA FE v. Assiniboine & Sioux Tribes, 323 F. 3d 767 - Court of Appeals, 9th Circuit 2003]* between those years. As a result, Summary Judgment regarding my qualification for relief under 26 U.S.C 6511(h) should be awarded based the abuses of discretion contained in the record.

In this suit, there is no dispute that I made overpayments or about the amounts of the overpayments. Thus, questions of liability are settled and no de novo review is necessary. As I have shown, as a result of their quasi-judicial role, claim preclusion can apply to decisions by the Office of Appeals. One year before the Office of Appeals denials of my 2006 and 2008 disallowance of the proof of disability I submitted as required by 99-21, the Office of Appeals recognized the exact same proof (which covered several years) [Exhibit A] as the basis to approve my refund request for 2007. [Exhibit J] *"Claim preclusion requires "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1077 (9th Cir. 2003) (quoting Stratosphere Litig. L.L.C. v. Grand Casinos, Inc., 298 F.3d 1137, 1142 n.3 (9th Cir. 2002))"* [Howard v. CITY OF COOS BAY, Court of Appeals, 9th Circuit 2017] The Court offered further: "We employ four criteria to evaluate whether claims are identical: (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially

10

the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts."

The underlying claim in this matter is the validity of my proof of disability. That claim has already been firmly established as a result of both the Office of Appeals' decision regarding 2007 and by the plain language of 6511(h) and the revenue procedure. In the matter before the Court the claim is identical to the prior claim before the Service for 2007; there was a prior final judgment on its merits; and the parties are the same. Therefore, it is clear Court should estop the Defendant regarding my claim of proof under 26 U.S.C. 6511(h) and award Summary Judgment.

**6532(a) Timeliness – Government Failed to Comply with 26 U.S.C. 6402(l)**

The next matter relates to the timeliness of this action. 26 U.S.C. 6532(a) states that "no suit or proceeding for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates".

It is important to note there is no dispute this action is timely in regard to my 2008 refund request. The initial, but incomplete, Notice of Disallowance was sent on September 16, 2014 and there is no question the filing of this action is timely in regard to 2008. The dispute on timeliness relates only to the 2006 refund claim. The incomplete Notice of Disallowance on that claim was sent to me on January 13, 2014. Therefore, had the Defendant met the requirements of 26 U.S.C. 6402(l) and delivered a conforming Notice, the limitations period would have expired on January 13, 2016. However, it was not until August 2016 that the Defendant met the statutory requirements of 6402(l) that are required to properly meet the statute's requirements to effectuate proper Notice

of Disallowance. As a result, the tolling of the 2-year period does not begin until August 2016. As a result, this action is timely for both 2006 and 2008.

Neither the examining officer nor the officer in the Office of Appeals fulfilled the statutory requirements of serving a proper Notice of Disallowance for my 2006 or 2008 statutorily tolled refund claims. It was not until August 2016, upon receipt of documents responsive to a Freedom of Information Act request [*Exhibit L*], that the Service completed delivery of a statutorily conforming Notice of Disallowance. While there is no relevant case law on this issue, the Supreme Court has made clear: "*When a court reviews an agency's construction of the statute which it administers, it is confronted with two questions. First, always, is the question whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court*". [*Chevron USA Inc. v. Natural Resources Defense Council, Inc., 467 US 837 – S. Ct. 1984*]

26 U.S. Code § 6402(l) lays out the statutory requirements of a notice of disallowance. The Code reads: "*In the case of a disallowance of a claim for refund, the Secretary shall provide the taxpayer with an explanation for such disallowance.*" There is no ambiguity of whether Congress intended that to be more informative that merely a statement of disallowance. The legislative language of the Joint Committee on Taxation (JCT) could not have been more clear: "**Explanation of Provision**: *The Act requires the IRS to notify the taxpayer of the <u>specific reasons</u> for the disallowance (or partial disallowance) of the refund claim.*" (Emphasis added) and "*Congress believed that taxpayers are entitled to an explanation of the reason for the disallowance or partial disallowance of a refund claim <u>so that the taxpayer may appropriately respond to the IRS</u>.*" (Emphasis added) [*JCT, General Explanation of Tax Legislation Enacted in 1998, JCS-6-98, 117 (Nov. 24, 1998)*]. This requirement is acknowledged in the Internal Revenue Manual's section on "*Disallowance and Partial Disallowance Procedures*" [21.5.3.4.6.1]. The IRS Manual, in clear recognition of legislative intent, unambiguously supports the Joint Committee's legislative intent by requiring the execution of two clear steps.

12

First, that *"Letters must be sent certified or registered mail"* and, second that *"Letters must contain
the specific reason* for the claim disallowance as well as the claim amount. (*Emphasis added*)."

The Service's Notices of Disallowance did not provide me with the specific reason or with any
explanation that would have allowed me to "properly respond to the IRS." [*Exhibits B and H*] I have
suffered an injustice here but it is clear that the Service's abuses are not unique to my case. The
"IRS is not providing taxpayers with adequate explanations as to why it is disallowing their
refunds as required by the IRS Restructuring and Reform Act of 1998 (RRA 98)." [*Taxpayer
Advocate Service 2014 Annual Report to Congress Volume One, MSP #17*] Again, as a result of the
Service's violation of the clear language in 6402(l) the tolling of the 2-year period to bring suit
commences upon Service's satisfaction of the controlling statutory requirements, in August of
2016.

For each of the four years for which I sought timely refunds, under 6511(h), the examiners
reviewing my refund claims failed to meet these requirements of law.  They failed to inform me of
"the specific reason" for disallowance of my statutorily authorized (6511(h)) refund claims. Only
on Appeal did the Appeals Officer reviewing my financial disability claims for 2007 and 2009
recognize the "specific reason" for the disallowance of my refunds was the result of the examining
officer's a misapplication of the law regarding the sufficiency of my proof. In that matter, as a
result, on September 4, 2014 the appeals officer reviewing 2007 and 2009 found the
documentation of proof of disability met the statutory requirements of proof and issued refunds
and accrued interest, for those years [*Exhibit J*].

For the years in question before this Court, one year later, on September 21, 2015, the Office of
Appeals denied my 2006 appeal request but, like the examiner reviewing the years at issue, she
too failed to inform me of the specific reason for the disallowance by the examining officer, or the
specific reasons that Appeals concurred with the examiners judgment.

As a result, I filed a Freedom of Information Act Request [*Exhibit L*] for all relevant records. The Service repeatedly missed deadlines to fulfill the documents request [*Exhibit M, N, O*] and, as stated previously, it was not until August of 2016 that I received (partially) responsive documents. Only at that time was I made aware of the specific reason for the disallowances [*Exhibit P*].

These failures to provide a Letter of Disallowance that conformed with the Statute, coupled with the discovery of other violations, misapplications and silence by the Service clearly prevented me from filing this suit until I knew of the basis on which to "respond to the IRS". As a result, this action is timely, overcomes the Defendant's First and Second Defenses and Summary Judgment should be granted.

**Estoppel of 6532(a) – Misconduct of the Examiner and Appeals Officer**

Even if the Court finds the Defendant's failure to comply with the plain language of Congress does not justify Summary Judgment, the Defendant's actions also satisfy the elements of estoppel [*Whitney, 826 F.2d at 898, fn. 5*] The Defendant's actions constituted a false representation and *wrongful misleading silence*; their errors originated in a statement of fact. As a result, it was not until more than two years after filing my requests for refunds, in accord with Rev. Proc. 99-21, that I was finally able to know the specific reason for their disallowance was a misapplication of 26 U.S.C. 6511(h) and Rev. Proc. 99-21. The acts and statements of the Service adversely affected my ability to bring suit.

These are also the accepted elements of equitable estoppel used by the Tax Court. [*Estate of Emerson v. Commissioner, 67 T.C. 612, 617-18 (1977)*] As the Supreme Court has stated: "misinformation provided by a Government official combined with a showing of misconduct (even if it does not rise to the level of a violation of a legally binding rule) should be sufficient to require estoppel." Ibid. In summarizing its holding, the majority stated that the Government may be estopped "where (a) a procedural not a substantive requirement is involved and (b) an internal

procedural manual or guide or some other source of objective standards of conduct exists and supports an inference of misconduct by a Government employee." [*Schweiker v. Hansen, 450 US 785 - Supreme Court 1981*] As this Circuit has previously recognized, 6532 is subject to estoppel (Miller v United states 500 f.2d 1007 Second Circuit 1974).

**Tolling 6532(a) – A "Quintessential Claims Processing Rule"**

Beyond the clear statutory steps the Service is required to take to perfect a Notice of Disallowance, and beside the applicability of estoppel here, equitable tolling should apply in support of Summary Judgment.

The Supreme Court has recently made clear that the filing deadlines, like that in 6532, are not a jurisdictional bar unless Congress has made a clear statement that a deadline is jurisdictional. As a result, time periods in which to act are almost never jurisdictional. [*United States v. Wong*, 135 S. Ct. 1625 (2015)] In Wong, the Court stated

> "*This Court has often explained that Congress's separation of a filing deadline from a jurisdictional grant indicates that the time bar is not jurisdictional. See Henderson, 562 U.S., at 439-440; Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 164-165 [(2010)]; Arbaugh [v. Y & H Corp.], 546 U.S. [500], at 515 [(2006)]; Zipes [v. T.W.A.], 455 U.S. [385], at 393-394 [(1982)]." "[I]n applying that clear statement rule, we have made plain that most time bars are nonjurisdictional. See, e.g., [Sebelius v. Auburn Regional Med. Cntr., 568 U.S.] at 154 [(2013)] (noting the rarity of jurisdictional time limits). Time and again, we have described filing deadlines as "quintessential claim-processing rules," which "seek to promote the orderly progress of litigation," but do not deprive a court of authority to hear a case. Henderson v. Shinseki, 562 U.S. 428, 435 (2011); see Auburn Regional. 568 U.S., at 154; Scarborough v. Principi, 541 U.S. 401, 413 (2004). That is so, contrary to the dissent's suggestion, see post, at ___, ___ - ___, 191 L. Ed. 2d, at 551, 554-555, even when the time limit is*

15

*important (most are) and even when it is framed in mandatory terms (again, most are);*

*indeed, that is so "however emphatic[ally]" expressed those terms may be.  Henderson, 562*

*U.S., at 439 (quoting Union Pacific R. Co. v. Locomotive Engineers, 558 U.S. 67, 81 (2009)).*

*Congress must do something special, beyond setting an exception-free deadline, to tag a*

*statute of limitations as jurisdictional and so prohibit a court from tolling it."*

The Supreme Court has expressed this same view in *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004),

*Musacchio v. United States*, 136 S. Ct. 709 (2016); *Wong, supra*; and in *Henderson v. Shinseki*, 562

U.S. 428 (2011).

There is nothing in 6532(a) to suggest it is jurisdictional. As in Henderson, the language "does not

speak in jurisdictional terms or refer in any way to the jurisdiction of the [Veterans Court],... we

have rejected the notion that "all mandatory prescriptions, however emphatic, are ... properly

typed jurisdictional." *Union Pacific*, 558 U. S., at ___ (slip op., at 12) (quoting *Arbaugh*, 546 U. S., at

510; internal quotation marks omitted). Thus, the language of §7266 provides no clear indication

that Congress wanted that provision to be treated as having jurisdictional attributes." [*Henderson*

*v. Shinseki, 562 U.S. 428 (2011)*] The same can be said for 6532.

Based on the recent decisions of the Supreme Court, the Ninth Circuit ruled [*Volpicelli v. United*

*States*, 777 F.3d 1042 (9th Cir. 2015)] 6532 is specifically not jurisdictional:

*"The Supreme Court's recent cases require a clear statement from Congress before a*

*procedural rule will be treated as jurisdictional. Auburn, 133 S. Ct. at 824; Henderson ex rel.*

*Henderson v. Shinseki, 131 S. Ct. 1197, 1203 (2011). We find no such clear statement here.*

*Section 6532(c) does not cast its filing deadline in "jurisdictional" terms any more than the*

*statute at issue in Henderson did—a statute the Court held to be nonjurisdictional. See*

*Henderson, 131 S. Ct. at 1204-05. Congress signaled the non-jurisdictional nature of §*

*6532(c) by placing it in a subtitle of the Internal Revenue Code labeled "Procedure and*

*Administration," while at the same time enacting a separate jurisdiction-conferring*

*provision (28 U.S.C. § 1346(e)) and placing that provision in a chapter titled "District*

*Courts; Jurisdiction." Congress' placement decision indicates that it viewed § 6532(c)'s*

*limitations period as a mere "claim-processing rule" rather than a jurisdictional command.*

*See Henderson, 131 S. Ct. at 1205."*

The Ninth Circuit was also tasked with determining if there was any reason 6532 could not be equitably tolled. In conclusion to a long reasoning of the issue, the Opinion of the Court stated: "In sum, none of the Supreme Court's intervening decisions is clearly irreconcilable with our 1995 precedents. We reaffirm our prior holding that the limitations period set by 26 U.S.C. § 6532(c) is not jurisdictional and may be equitably tolled. Supermail Cargo, 68 F.3d at 1206 n. 2, 1207."

There is no statutory prohibition against tolling of 6532 and, as demonstrated in Irwin (*Irwin v. Department of Veterans Affairs, 498 US 89 – S. Ct. 1990*) and more recent Supreme Court decisions, equitable tolling is presumed. 6532 is a relatively simple provision, on which there are only about 200 lawsuits annually [Internal Revenue Service Data Book, 2016, Table 27] and accepting a presumption of equitable tolling would not place undue burden on either the Service or the Courts.

**First Basis in Favor of Tolling of 6532(a) – Reasonable Opportunity to Learn the Facts**

As has been shown by the record in this matter, it was not until I received documents responsive to the FOIA request that I learned of the claim present in this action. In Sebelius, the Supreme Court noted: "*Even in cases where the governing statute clearly delegates to an agency the discretion to adopt rules that limit the scope of equitable exceptions to administrative deadlines, I believe "cases may arise where the equities in favor of tolling the limitations period are `so great that deference to the agency's judgment is inappropriate.'" Bowen v. City of New York, 476 U.S. 467, 480, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986) (quoting Mathews v. Eldridge, 424 U.S. 319, 330, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)). In particular, efforts by an agency to enforce tight filing deadlines in cases where there are*

17

*credible allegations that filing delay was due to the agency's own misfeasance may not survive deferential review."* The Court continued: *"deadline to seek judicial review of the administrative denial of disability benefits should be tolled because the Social Security Administration's "'secretive conduct prevent[ed] plaintiffs from knowing of a violation of rights.'"* 476 U.S., at 481, 106 S.Ct. 2022 (quoting *New York v. Heckler,742 F.2d 729, 738 (C.A.2 1984)*) [Sebelius v. Auburn Regional Medical Center, 133 S. Ct. 817 - Supreme Court 2013]

Moving to the Opinion in Bowen v. City of New York. There, the Supreme Court supported tolling in situations like the one before this Court when it opined: *"Where the Government's secretive conduct prevents plaintiffs from knowing of a violation of rights, statutes of limitations have been tolled until such time as plaintiffs had a reasonable opportunity to learn the facts concerning the cause of action."* Here, as in Bowen, it is clear that I *"could not attack a policy (I) could not be aware existed,"* 578 F. Supp., at 1118; see Part III, supra, and *"it would be unfair to penalize"* me. The Notice of Disallowance for 2006, received on January 13, 2014 [Exhibit B], did not disclose that my Disallowance was a rejection of my filing under 6511(h), it merely stated that I was untimely and did not acknowledge that the Service had received, reviewed or considered my financial disability – let alone that it had rejected my proof of disability in accordance with 99-21, or that the reasons it rejected the proof resulted from misapplication of the Statute and Revenue Procedure. The Service's failure to properly inform me of the reasons for disallowance, through a proper Notice of Disallowance, denied me an understanding that I had a claim. *"Equitable tolling is invoked when the prospective plaintiff simply does not have and cannot with due diligence obtain information essential to bringing a suit."* [Wolin v. Smith Barney Inc., 83 F. 3d 847 - Court of Appeals, 7th Circuit 1996]

**Second Basis for Tolling of 6511(a) – Financial Disability under 6511(h)**

The matter before the Court presents the same underlying claim as the Supreme Court was asked to decide in Brockamp. [United States v. Brockamp, 519 US 347 – S. Ct. 1997] There is one key difference. At the time of the Brockamp decision the Court saw no basis to toll 6511. Given more

18

recent Supreme Court decisions there seems to be an evolution of the Court's thinking on procedural versus jurisdictional language. As a result there is reason to believe if the case was before the Court today, they would hold that the limitations in 6511, as written at that time, are not jurisdictional but are, instead, the *quintessential claims processing rule* as they did in Henderson. However, in response to the Brockamp ruling, Congress changed the language in 6511 and added the financial disability language no found in 6511(h). As a result, according to the Court's Opinion in Brockamp, 6511(h) does now support equitable tolling: *"And in each case he asked the court to extend the relevant statutory time period for an "equitable" reason, namely, the existence of a mental disability—a reason not mentioned in § 6511, but which, we assume, would permit a court to toll the statutory limitations period if, but only if, § 6511 contains an implied *349 "equitable tolling" exception. See 4 C. Wright & A. Miller, Federal Practice and Procedure § 1056 (2d ed. 1987 and Supp. 1996); see also Wolin v. Smith Barney, Inc., 83 F. 3d 847, 852 (CA7 1996) (defining equitable tolling)"*.

As a result of the above, there is little question that the matter before this Court is timely for 2006 as well as 2008. Summary Judgment should be awarded to me whether as a result of the abuse of discretion created by the Defendant's failure to comply with 6402(l), the tolling of 6532(a) as a result of the government's secretive behavior which prevented me from know the facts supporting this claim or the tolling of 6532(a) as a result of my financial disability under 6511(h) and Revenue Procedure 99-21.

I believe it important to inform the Court, though not wholly relevant in this matter, there is a systemic injustice that should inform future actions in which the Defendant claims plaintiff's have failed to exhaust the necessary administrative remedies before filing suit. In Bowen, the Court stated:

> *"Ordinarily, the Secretary has discretion to decide when to waive the exhaustion requirement. But as we held in Eldridge, "cases may arise where a claimant's interest in*

*having a particular issue resolved promptly is so great that deference to the agency's*

*judgment is inappropriate." 424 U. S., at 330... Because of the agency's expertise in*

*administering its own regulations, the agency ordinarily should be given the opportunity*

*to review application of those regulations to a particular factual context. Thus, our*

*holding today does not suggest that exhaustion is to be excused whenever a claimant*

*alleges an irregularity in the agency proceedings... These claimants stand on a different*

*footing from one arguing merely that an agency incorrectly applied its regulation. Rather,*

*the District Court found a systemwide, unrevealed policy that was inconsistent in critically*

*important ways with established regulations. Nor did this policy depend on the particular*

*facts of the case before it; rather, the policy was illegal precisely because it ignored those*

*facts."*

*[Bowen v. City of New York, 476 U.S. 467, 480, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986)]*

Those words could be uttered regarding the Service's willful failure to meet the statutory

requirement to inform taxpayers of "specific reasons" for disallowances of refunds. This has been

a concern of the Taxpayer Advocate's Office yet the Service has not made appropriate changes to

meet the 6402(l)'s requirements or those of the Taxpayer's Bill of Rights. In MSP #17, the

Taxpayer Advocate warned: *"The IRS is not providing taxpayers with adequate explanations as to*

*why it is disallowing their refunds as required by the IRS Restructuring and Reform Act of 1998 (RRA*

*98). Some IRS notices include an explanation that is too short or too vague for the taxpayer to learn*

*the specific reasons for the disallowance. Other explanations are not written in language that the*

*taxpayer can easily understand. Some letters provide no explanation or reason at all, other than*

*stating there is no basis for the IRS to allow the claim or that another notice explaining the*

*disallowance is forthcoming"*.

If this Court fails to grant Summary Judgment on 6532(a), as a result of the Defendant's failure to

conform with 26 U.S.C. 6402's requirement that they disclose the "specific reason" for

Disallowance, in August of 2016, I request the Court toll the statute as a result of their

secretiveness. Here, as in Bowen, the Secretary's "secretive conduct justifie(s) tolling the period".

## Remaining Issues

The remaining issues before the Court relate to the issues of abusive targeting, of me, and other

violations including those in 26 U.S.C 6103 and 7213, by the Appeals Officer and my demands for

redacted in the Defendant's FOIA responses. As such, I have not responded here to the Defendant's

Sixth, Seventh or Eight Defenses and continuance on these issues remain before the Court. It is

clear that these issues, unlike the issues addressed by this Motion, are subject to de novo review

by the Court. *"The FOIA was designed to encourage open disclosure of public information. Baldrige v.*

*Sharpio, 455 U.S. 345, 102 S.Ct. 1103, 71 L.Ed.2d 199 (1982). To achieve this end, documents held by*

*government agencies are presumed subject to disclosure unless, after a de novo review of the*

*government's determination not to disclose, the agency has carried the burden of proving the*

*withheld materials are within one of the exemptions of the FOIA. 5 U.S.C. § 552(a)(4)(B); Chilivis v.*

*Securities and Exchange Commission, 673 F.2d at 1210-11; McCorstin v. U.S. Department of*

*Labor, 630 F.2d 242 (5th Cir.1980). To facilitate this review the courts often rely upon indices such as*

*a Vaughn v. Rosen index in evaluating the claims of exemption as they apply to the withheld*

*documents. Although lack of access to such indices by the party seeking disclosure "undercuts the*

*traditional adversarial theory of judicial dispute resolution," Mead Data Central, Inc. v. U.S.*

*Department of the Air Force, 566 F.2d 242, 250 (D.C.Cir.1977); Vaughn v. Rosen,484 F.2d at 824, the*

*role of the courts in a suit under the FOIA in effectively determining the propriety of a government*

*agency's decision to withhold material is not completely frustrated by an in camera inspection of the*

*disputed documents with accompanying cover sheets such as employed in this case." [Currie v. IRS,*

*704 F. 2d 523 - Court of Appeals, 11th Circuit 1983]*

**Conclusion and Plea for Summary Judgment**

My request for Partial Summary Judgment is timely in this action. I have established the Defendant is precluded from challenging the issue of my financial disability under 26 U.S.C. 6532(a) for of 2006 and 2008. Furthermore, as I have proven, this action is timely under 26 U.S.C. 6402(l). I have defeated the Defendant's First, Second, Third, Fourth and Fifth Defenses and there is no dispute on the amounts of overpayments as shown in the record. As a result, the Court has authority to decide this case on the existing record and there is no reason for further development of the record. Partial Summary Judgment in my favor, on the claims and issues stated above, is ripe before the Court.

Respectfully, I request this Court enter Partial Summary Judgment as follows:

1- The subject action is timely and not time barred;

2- Reversing and setting aside the decision of the Office of Appeals; and

3- Directing that the IRS issue refund for the years 2006 and 2008;

4- And for such other and further relief as this Court deems appropriate.

Date: December 12, 2017

Respectfully submitted,

Joshua Rosner

**PRO SE**

151 1st Avenue, Box. 231

New York, NY 10003

Sworn To Before Me

This __//__ Day of December, 2017

Notary

SHAKIRA LATEEFAH SPENCE
Notary Public - State of New York
NO. 01SP6295206
Qualified in Bronx County
My Commission Expires Dec 30, 2017