USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 3/13/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSHUA ROSNER,

           Plaintiff,

- against -

UNITED STATES OF AMERICA,

           Defendants.

16-cv-7256 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, District Judge:

The plaintiff, proceeding pro se, has filed objections to the rulings of Magistrate Judge Cott denying his requests (a) to strike the Government's discovery requests for documents and interrogatories and (b) to compel the Government to respond to the plaintiff's discovery requests.

Federal Rule of Civil Procedure 72(a) requires this Court to set aside any portion of the order under review "that is clearly erroneous or is contrary to law." As a "non-dispositive matter," a pretrial discovery ruling is reviewed under this highly deferential standard. See Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990). An order is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." See Easley v. Cromartie, 532 U.S. 234, 242 (2001) (citation and internal quotation marks omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or

1

rules of procedure." Thompson v. Keane, No. 95-cv-2442 (SHS), 1996 WL 229887, at *1 (S.D.N.Y. May 6, 1996) (citation and internal quotation marks omitted). See also Frydman v. Verschleiser, No. 14-cv-8084 (JGK), 2017 WL 1155919, at *2 (S.D.N.Y. Mar. 27, 2017).

Magistrate Judge Cott denied the plaintiff's motion to strike and held that discovery from the plaintiff was appropriate in this case for the reasons set forth in the Government's letter to this Court on December 1, 2017. See Order at 1, ECF No. 47 (Jan. 22, 2018). In the December 1, 2017 letter, the Government argued that the proper standard of review in this case is de novo and that this Court may consider discovery outside the administrative record in reviewing the IRS's decision under that standard.

The plaintiff argues that this decision denying his request to strike the Government's discovery demands was clearly erroneous because the proper standard of review of the decision by the Internal Revenue Service ("IRS") in this case is for an abuse of discretion, and review under that standard should focus solely on the administrative record. The plaintiff argues that the standard of review therefore dictates that there should be no discovery in this matter beyond the administrative record.

However, regardless of the standard of review to be used in reviewing the IRS's determination in this case, there is support

2

in the case law for the proposition that discovery is not limited to the production of the administrative record in cases concerning whether a taxpayer is financially disabled for the purposes of IRC § 6511(h). See, e.g., Estate of Rubenstein v. United States, 96 Fed. Cl. 640, 653-56 (Fed. Cl. 2011) (collecting cases discussing the appropriate scope of discovery in actions regarding financial disability, noting that "none of these decision suggests that a court's determination of whether a taxpayer is financial disabled is limited to the materials submitted to the IRS by the taxpayer," and denying the plaintiff's motion for a protective order). Accordingly, the Magistrate Judge did not commit clear error in ruling that discovery of the plaintiff should proceed.

The plaintiff has also objected to Magistrate Judge Cott's ruling denying his motion to compel production of the administrative record. At the time the motion was made, the Government's deadline to respond to the plaintiff's discovery requests had not yet passed, and the Government had communicated to the plaintiff that the Government would provide the full administrative record when the Government responded to his requests. Magistrate Judge Cott's ruling was plainly reasonable in light of that timeline. If the Government has not produced the full administrative record at the time of this order, and its deadline to respond to the discovery responses has passed,

the plaintiff may renew his motion to compel by filing a pre-motion letter before Magistrate Judge Cott.

## CONCLUSION

The court has considered all of the objections and all of the arguments of the parties. To the extent not specifically addressed above, they are either moot or without merit. All of the objections are overruled.

Dated: New York, New York
March 13, 2018

John G. Koeltl
**United States District Judge**