USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: _03/12/18_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSHUA ROSNER,

                           Plaintiff,                    16-cv-7256 (JGK)

          – against –                                    MEMORANDUM OPINION
                                                         AND ORDER
UNITED STATES OF AMERICA,

                           Defendant.

JOHN G. KOELTL, District Judge:

The plaintiff Joshua Rosner, proceeding pro se, brings this action pursuant to 28 U.S.C. § 1346(a) against the defendant, the United States of America, alleging that the Internal Revenue Service (the "IRS") improperly denied the plaintiff a tax refund for tax years 2006 and 2008. The plaintiff now moves for partial summary judgment pursuant to Federal Rule of Civil Procedure 56(a).

For the reasons stated below, the plaintiff's motion for partial summary judgment is **denied**.

I.

The following facts are undisputed, unless otherwise noted.

In March, 2013, the plaintiff filed tax refund claims for tax years 2006 and 2008. Huang Decl. Exs. A, B. The plaintiff also submitted a refund claim for tax year 2007, but it is unclear when this claim was filed. Huang Decl. Ex. J. Because the refund claims for tax years 2006 and 2008 were filed more than three years after the tax years ended, both refund claims

1

were late. I.R.C. § 6511(a). The plaintiff also submitted, with these refund claims, the documents required by IRS Revenue Procedure 99-21 for establishing financial disability under § 6511(h).[1]  Pl. Ex. I.

In response to the plaintiff's refund claims, the IRS sent the plaintiff notices of disallowance for tax years 2006 and 2008, dated January 13, 2014, and September 16, 2014, respectively. Huang Decl. Exs. D, E.  Both the 2006 and 2008 notices of disallowance provided as the reason for denial that the plaintiff had filed his original tax return more than three years after the due date. Huang Decl. Exs. D at 1, E at 1. Both notices informed the plaintiff of his right to file a civil suit within two years from the date of the letter to recover the overpayments. Id.; I.R.C. § 6532(a). Both notices also informed the plaintiff of his right to seek administrative review of his denial within the IRS Office of Appeals. Huang Decl. Exs. D at 1, E at 1. The notices also informed him that any review subsequent to the initial notice of disallowance by the IRS

_____

[1] Section 6511(h) provides that "the running of the periods specified in subsections (a), (b), and (c) shall be suspended during any period of such individual's life that such individual is financially disabled." I.R.C. § 6511(h). An individual is financially disabled "if such individual is unable to manage his financial affairs by reason of a medically determinable physical or mental impairment of the individual which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." I.R.C. § 6511(2)(A).

Office of Appeals would not extend the two-year limitations period set forth in § 6532(a) to file a civil action. Huang Decl. Exs. D at 4, E at 4.

The plaintiff was granted a refund for the 2007 tax year. Pl. Ex. J. The IRS appeals officer who reviewed the 2007 tax refund claim determined that the financial disability criteria had been met, and that the plaintiff's refund, with respect to tax year 2007, should be allowed. Id. The 2007 notice is dated May 29, 2014. Id.

On January 20, 2014, the plaintiff appealed the disallowance notice for 2006, and on September 23, 2014, the plaintiff appealed the disallowance notice for 2008. Huang Decl. Ex. F, G. In separate reply letters, the Office of Appeals affirmed the denials, explaining that the information the plaintiff submitted provided no basis to allow any part of his claim. Huang Decl. Exs. K, L. The reply letters noted that the reconsideration of the plaintiff's claims did not extend the two-year limitations period to file suit challenging the notices of disallowance, which began on the dates the plaintiff was sent the original notices. Id.

On September 16, 2016, the plaintiff filed this action challenging the notices of disallowance for tax years 2006 and 2008.

The plaintiff now moves for partial summary judgment, claiming that: (1) this action with respect to tax year 2006 is timely as required by I.R.C. § 6532(a) because the original notice of disallowance issued by the IRS failed to meet the statutory requirements; (2) this action with respect to tax year 2006, even if untimely, is entitled to equitable tolling of the two-year statutory limitations period; (3) because an IRS officer determined that the plaintiff was entitled to a suspension of the time periods due to financial disability for tax year 2007, this Court is bound by that determination for tax years 2006 and 2008; (4) even if the issues of his financial disability for tax years 2006 and 2008 are not precluded from further litigation, further discovery into this matter should not be permitted because the plaintiff complied with the statutory requirements for submitting a claim for financial disability; (5) this Court should review the IRS's determination that he did not suffer from a financial disability for an abuse of discretion; and (6) the IRS appeals officers plainly abused their discretion when they found that the plaintiff did not suffer from a financial disability.

## II.

The standard for granting summary judgment is well established. Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and

admissions on file, together with the affidavits, if any, show
that there is no genuine issue as to any material fact and that
the moving party is entitled to a judgment as a matter of law."
Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477
U.S. 317 (1986); Gallo v. Prudential Residential Servs. Ltd.
P'ship, 22 F.3d 1219, 1223 (2d Cir. 1994). "The trial court's
task at the summary judgment motion stage of the litigation is
carefully limited to discerning whether there are genuine issues
of material fact to be tried, not to deciding them. Its duty, in
short, is confined at this point to issue-finding; it does not
extend to issue-resolution." Gallo, 22 F.3d at 1224. The moving
party bears the initial burden of "informing the district court
of the basis for its motion" and identifying the matter that "it
believes demonstrate[s] the absence of a genuine issue of
material fact." Celotex, 477 U.S. at 323. The substantive law
governing the case will identify those facts that are material
and "only disputes over facts that might affect the outcome of
the suit under the governing law will properly preclude the
entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477
U.S. 242, 248 (1986).

In determining whether summary judgment is appropriate, a
court must resolve all ambiguities and draw all reasonable
inferences against the moving party. See Matsushita Elec. Indus.
Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing

5

United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)); see also Gallo, 22 F.3d at 1223. Summary judgment is improper if there is any evidence in the record from any source from which a reasonable inference could be drawn in favor of the nonmoving party. See Chambers v. TRM Copy Ctrs. Corp., 43 F.3d 29, 37 (2d Cir. 1994). If the moving party meets its burden, the burden shifts to the nonmoving party to come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The nonmoving party must produce evidence in the record and "may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible." Ying Jing Gan v. City of New York, 996 F.2d 522, 532 (2d Cir. 1993); see also Scotto v. Almenas, 143 F.3d 105, 114-15 (2d Cir. 1998) (collecting cases).

As an initial matter, the plaintiff's motion is procedurally defective. The plaintiff has failed to include a statement of undisputed facts as required by Local Rule 56.1. The failure of a moving party to provide a Local Rule 56.1 Statement is typically sufficient grounds to dismiss the motion, although pro se litigants may be given some latitude. See In re Motel 6 Sec. Litig., 161 F. Supp. 2d 227, 232 (S.D.N.Y. 2001); Armstrong v. Tucker, No. 97-cv-7388, 2000 WL 33593292, at *2 (S.D.N.Y. Feb. 29, 2000). Nevertheless, the motion will be

considered on the merits. See Howard v. City of New York, 302 F. Supp. 2d 256, 259-60 (S.D.N.Y. 2004).

## III.

The plaintiff first moves for summary judgment for a finding that this civil action with respect to tax year 2006 is timely.[2]

I.R.C. § 6532(a) requires that any suit for the recovery of any Internal Revenue tax must be filed within two years from the date that the IRS sends the taxpayer a notice of disallowance. I.R.C. § 6532(a). The plaintiff received a notice of disallowance from the IRS dated January 13, 2014, denying his tax refund claim for the 2006 tax year. Huang Decl. Ex. D. He filed this action on September 16, 2016, more than two years after the mailing of the notice of disallowance. The Government therefore argues that this action is untimely pursuant to § 6532(a).

In response, the plaintiff argues that the January 13, 2014 notice of disallowance failed to meet the statutory requirements of I.R.C. § 6402(l), which requires a notice of disallowance to include "an explanation for such disallowance." The plaintiff points to the Internal Revenue Manual's section entitled

---

[2] There is no dispute that this action is timely with respect to tax year 2008.

"Disallowance and Partial Disallowance Procedures," which
requires that the disallowance letters "contain the specific
reason for the claim disallowance." I.R.M. 21.5.3.4.6.1 (Mar. 2,
2017). The plaintiff argues that the initial notice of
disallowance sent on January 13, 2014, did not satisfy this
requirement. He argues that the IRS satisfied this requirement
only in August, 2016, when the IRS responded to his Freedom of
Information Act Request. Pl. Ex. L. Therefore, the plaintiff
argues that this suit, while filed more than two years after the
mailing of the initial notice of disallowance, dated January 13,
2014, is timely with respect to tax year 2006 because it was
filed within two years of August 2016. Id.

The original notice of disallowance, sent on January 13,
2014, satisfied the statutory requirement of providing an
explanation. Under the portion of the notice entitled "Why We
Cannot Allow Your Claim," the 2006 notice of disallowance
specifically stated: "You filed your original tax return more
than 3 years after the due date. Your tax return showed an
overpayment. To claim that overpayment as a credit or to obtain
a refund, you have to file your tax return within 3 years from
its due date." Huang Decl. Ex. D at 1. By explaining that his
claim was untimely in the notice, the IRS did provide a specific
reason for denying the plaintiff's refund claim. The plaintiff
points to no language in the Internal Revenue Manual that

requires the IRS to provide, in a notice of disallowance, an underlying analysis of the determination that a claim is time-barred. Nor does the plaintiff cite to any prior opinion holding that such a determination fails to constitute an "explanation for such disallowance" within the language of § 6402(l). Thus, the two-year time period during which the plaintiff could file this action began upon the mailing of the initial notice of disallowance, on January 13, 2014. The plaintiff, however, did not file this action until September 16, 2016, more than nine months after the two-year period ended on January 13, 2016. Accordingly, the plaintiff is not entitled to a finding on summary judgment that this action, with respect to tax year 2006, is timely under I.R.C. § 6532(a).

**IV.**

The plaintiff next moves for summary judgment for a finding that this action with respect to tax year 2006, even if untimely, is entitled to equitable tolling of the two-year statutory limitations period in I.R.C. § 6532(a).

The plaintiff's claim is based on two distinct theories of equitable relief. First, the plaintiff argues that he should be excused from the statutory period because he suffered from a financial disability, as defined by I.R.C. § 6511(h), which prevented his timely filing of this suit. This argument implicates the doctrine of equitable tolling, under which the

petitioner must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). See also Atkins v. Gonyea, No. 12-cv-9186, 2014 WL 199513, at *2 (S.D.N.Y. Jan. 17, 2014). The plaintiff argues that his financial disability constituted an extraordinary circumstance that stood in his way of timely filing this suit.

Second, the plaintiff alleges that the notice of disallowance failed to provide specific reasons for his denial, and that this conduct by the IRS effectively misled the plaintiff and prevented him from timely filing this suit. This argument implicates the doctrine of equitable estoppel, which is "raised in cases where the plaintiff knew of a potential cause of action but delayed bringing it because of the defendant's conduct." German v. Pena, 88 F. Supp. 2d 216, 222 (S.D.N.Y. 2000).

There is an initial issue of whether the statute of limitations in I.R.C. § 6532(a) may be tolled for equitable reasons.

In Miller v. United States, 500 F.2d 1007 (2d Cir. 1974), the Court of Appeals addressed whether § 6532 operates as an absolute time bar such that noncompliance deprives a court outright of all jurisdiction. In that case, the plaintiffs sought a tax refund under 28 U.S.C. § 1346(a). The plaintiffs

also waived their right to a formal notice of disallowance, the effect of which was to commence the two-year statute of limitations on refund actions. See I.R.C. § 6532(a)(3). Almost two years later, but before the two-year period expired, the IRS "sent the taxpayers the very disallowance notice that they had waived eighteen months before." Miller, 500 F.2d at 1008. The plaintiffs filed suit to challenge the denial of their refund claim after the initial two-year period based on the waiver had expired, but within the period pursuant to the erroneously issued notice of disallowance. See id. at 1009. Although the IRS argued that the earlier date should control, the court noted that "the relevant statute of limitations is by its very terms rather flexible," id. at 1011, and ultimately concluded that, due to the reasonableness of the taxpayers' reliance on the erroneously issued disallowance notice, the government was estopped from asserting that the action should be dismissed. See id. The court therefore held that § 6532 was subject to equitable estoppel.

However, after Miller, in United States v. Brockamp, 519 U.S. 347 (1997), the Supreme Court addressed the same question at issue in Miller, but with respect to I.R.C. § 6511, a different statutory limitations provision within the same statutory scheme as § 6532. In Brockamp, the Court held that courts cannot toll, "for nonstatutory equitable reasons, the

11

statutory time limitations for filing tax refund claims" provided by I.R.C. § 6511. Id.

The Court noted that "Section 6511's detail, its technical language, the iteration of the limitations in both procedural and substantive forms, and the explicit listing of exceptions, taken together, indicate to us that Congress did not intend courts to read other unmentioned, open-ended, 'equitable' exceptions into the statute that it wrote." Id. at 352. The Court also added that "[t]ax law, after all, is not normally characterized by case-specific exceptions reflecting individualized equities," and that, "[t]o read an 'equitable tolling' exception into § 6511 could create serious administrative problems by forcing the IRS to respond to, and perhaps litigate, large numbers of late claims, accompanied by requests for 'equitable tolling' which, upon close inspection, might turn out to lack sufficient equitable justification." Id.

Based on the Court's reasoning in Brockamp, numerous courts have held that § 6532, like § 6511, does not contain an implied equitable tolling exception. See, e.g., RHI Holdings, Inc. v. United States, 142 F.3d 1459 (Fed. Cir. 1998); Brewer v. United States, 390 F. Supp. 2d 1378 (S.D. Ga. 2005); Aljundi v. United States, No. SACV 12-02079-CJC(RNBx), 2013 WL 7121190 (C.D. Cal. July 11, 2013); Tanne v. Comm'r, Case No. 15-cv-00296 (RJS), 2016 WL 5173243 (C.D. Utah Sept. 21, 2016).

The Second Circuit Court of Appeals has yet to address the extent to which Brockamp alters the holding in Miller that I.R.C. § 6532 is not a jurisdictional time limitation. Accordingly, while this Court recognizes the judicial trend in favor of finding that there are no equitable exceptions to § 6532's statutory period, this Court is bound by Miller, which held that § 6532 does not operate as an absolute bar, free of equitable exceptions, on untimely filed tax refund actions.

However, the plaintiff has failed to provide evidence sufficient to demonstrate that he is entitled to equitable tolling for this lawsuit filed for the 2006 tax year. The plaintiff's proof of financial disability is with respect to tax years 2006, 2007, and 2008, but the plaintiff seeks to toll the limitations period that ran from January 13, 2014, to January 13, 2016. The Government points out that, in between 2008 and 2014 the plaintiff coauthored a book and published other pieces drawing on his professional expertise. Pl. Ex. Q. The Government argues that this work shows that the plaintiff was not suffering from a financial disability during this time such that he would be entitled to equitable tolling. And the plaintiff has failed to provide any documentation that in 2014 he again was suffering from a mental impairment that prevented him from timely filing this suit. Accordingly, there exists a

genuine issue of material fact regarding the plaintiff's
entitlement to equitable tolling.

Moreover, with respect to his second basis for equitable
relief — that that the Government's conduct, in providing the
plaintiff with what he alleges was an incomplete notice of
disallowance, constituted an extraordinary circumstance that
prevented him from timely filing this action — as explained
above, the notice of disallowance adequately explained the
reason for denial. The notice informed the plaintiff of his
right to challenge the denial within the IRS Office of Appeals,
and of his right to file a civil suit to challenge the denial.
Huang Decl. Exs. D. Moreover, the plaintiff did appeal the
denial within the IRS Office of Appeals. Huang Decl. Ex. F. The
notice also advised the plaintiff that the filing of an
administrative appeal did not toll the two-year limitations
period in which he was required to file a civil action.

Therefore, the plaintiff has not presented evidence
sufficient to demonstrate that he is entitled to equitable
relief from the time limits set forth in § 6532(a), either
because his situation constituted a rare and exceptional
circumstance justifying such relief, or because he was prevented
from timely filing this suit by the IRS. Accordingly, the
plaintiff's motion for summary judgment on the basis that he is
entitled to equitable relief from the time limit set forth in

§ 6532(a) to file a lawsuit regarding his 2006 tax return is
denied.

**V.**

The plaintiff next moves for summary judgment for a finding
that, because an IRS officer determined that he qualified for a
suspension of the time period to file his 2007 tax refund
because he was financially disabled, the issues of whether he is
entitled to a similar suspension for tax years 2006 and 2008 are
precluded from litigation.

As the notices of disallowance indicate, taxpayers are
provided an opportunity to challenge unfavorable IRS
determinations by filing suit in the district courts. Huang
Decl. Exs. D, E. Any such civil suit is brought pursuant to 28
U.S.C. § 1346(a) and I.R.C. § 7422. There is no indication in
either § 1346(a) or § 7422 that the district court reviewing the
IRS's determination of a tax refund application is bound by the
agency's determination, much less a determination for a year
other than the year that is being questioned. And in fact, such
preclusion would frustrate the purpose of district court review.
Moreover, the plaintiff does not explain why the 2007 refund
determination should be preclusive for tax years 2006 and 2008,
and not the other way around. He does not argue that the 2007
determination was made first and/or that the later decisions
necessarily resulted in inconsistent findings. The plaintiff

15

cannot choose the determination that is helpful to him and argue that that determination is preclusive on other years in which the decision was not so helpful.

Nor is there any language in Revenue Procedure 99-21 — which prescribes the prerequisites to be eligible for a determination of a financial disability under § 6511(h) — indicating that a taxpayer's financial disability in one tax year is dispositive of his financial disability in another year. See Rev. Proc. 99-21. I.R.C. Section 6511(h) provides that the running of the statute of limitations for a claim for credit or refund is suspended "during any period . . . that such individual is financially disabled." (emphasis added). A person is considered financially disabled if he cannot manage his financial affairs by reason of a "physical or mental impairment . . . which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Id. Therefore, the fact that the plaintiff was financially disabled in 2007 does not establish his financial disability for other periods. The IRS would still need to make a year by year determination as to whether a taxpayer was financially disabled for a period justifying a suspension of the time limit for the tax year in question. Accordingly, the issues of the plaintiff's financial

disability in tax years 2006 and 2008 are not foreclosed based on the IRS's finding with respect to the 2007 tax year.

## VI.

Next, the plaintiff seeks summary judgment for a finding that, even if the IRS's determination of his 2007 tax refund application does not preclude a different finding for his 2006 and 2008 tax refund applications, further inquiry into this matter should not be permitted because he complied with the requirements to be eligible for financial disability. He argues that because he provided the information required by IRS regulations he is entitled to a finding that he was financially disabled.

The United States Court of Federal Claims, in Estate of Rubinstein v. United States, 96 Fed. Cl. 640 (2011), rejected a similar argument:

> Section 6511(h)(2)(A) provides that an individual "shall not be considered to have such an impairment unless proof of the existence thereof is furnished in such form and manner as the Secretary may require." (emphasis added). Thus, Revenue Procedure 99-21 sets forth only the form and substance of the proof that must be submitted to the IRS. See 1999-17 I.R.B. 18, § 2.02 (indicating that section 6511(h)(2)(A) "requires that proof of the taxpayer's financial disability be furnished" to the IRS). As the plain language of the revenue procedure clearly states, this proof is required "in order *to request* suspension of the period of limitations under [section] 6511 for claiming a credit or refund of tax due to an individual taxpayer's claim for credit or refund of tax." 1999-17 I.R.B. 18, § 1 (emphasis added); see also id. § 4 (stating that documentation must be

submitted "with a claim for credit or refund of tax to claim financial disability").

96 Fed. Cl. at 652. In other words, Revenue Procedure 99-21 sets forth what is required in order to be eligible for a finding of financial disability but does not state that compliance with its prerequisites affirmatively establishes financial disability. As the Court of Federal Claims concluded in Rubenstein:

> If the IRS intended to limit its inquiry to the four corners of a certified physician statement, as the plaintiff suggests, then the IRS would have expressly foreclosed in the revenue procedure itself the possibility of further investigation or discovery. It did not. [It is] inconceivable that the IRS would establish a procedure that could foster widespread abuse.

Id. at 656. This analysis is persuasive.

Accordingly, the plaintiff's argument that he is entitled to a finding that he suffered from a financial disability for the 2006 and 2008 tax years because he submitted the necessary documentation under Procedure 99-21 is without merit. There remains an issue of material fact as to whether the plaintiff suffered from a financial disability pursuant to § 6511(h) such that he is entitled to a suspension of the time limits for tax years 2006 and 2008.

### VII.

Lastly, the plaintiff seeks summary judgment for a finding that the appropriate standard of review in this case is for an

18

abuse of discretion. The plaintiff argues that any discovery pertaining to the issues of his financial disability in tax years 2006 and 2008 should be limited to the administrative record, and that this Court should review the IRS appeals officer's decision denying the plaintiff's 2006 and 2008 financial disability applications for an abuse of discretion.

As an initial matter, this Court has already upheld the Magistrate Judge's ruling that there should be discovery in this action. See Rosner v. United States, No. 16-cv-7256, 2018 WL 1353218, at *1 (S.D.N.Y. Mar. 13, 2018) ("[T]here is support in the case law for the proposition that discovery is not limited to the production of the administrative record . . . [a]ccordingly, the Magistrate Judge did not commit clear error in ruling that discovery of the plaintiff should proceed.").

The plaintiff's claim regarding the appropriate standard of review is based on the language of the Second Circuit Court of Appeals in Williams v. Comm'r, 718 F.3d 89 (2d Cir. 2013)(per curiam). In Williams, the taxpayers allegedly underpaid their federal income taxes for certain years. Id. at 90. The IRS sent the taxpayers a notice of an intent to levy, and, in addition, notified the taxpayers of their right to contest the levy in a collection due process hearing under I.R.C. § 6330. Id. at 91. In response, the taxpayers requested an in-person hearing, but because the taxpayers failed to provide certain requested

documents, the IRS eventually sustained the proposed levy without providing an in-person due process hearing. See id. The taxpayers appealed, and the initial issue before the Second Circuit Court of Appeals was the appropriate standard of review for an appeal arising under I.R.C. § 6330. Relying on the legislative history, the court held:

> Where the validity of the tax liability was properly at issue in the hearing, and where the determination with regard to the tax liability is part of the appeal, no levy may take place during the pendency of the appeal. The amount of tax liability will in such cases be reviewed by the appropriate court on a de novo basis. Where the validity of the tax liability is not properly part of the appeal, the taxpayer may challenge the determination of the appeals officer for abuse of discretion.

Williams, 718 F.3d at 92. Here, and based on the language in Williams, the plaintiff argues that: (1) because there is no disagreement as to whether he overpaid his taxes, or on the amount of the overpayments, his tax liability is not at issue; and, (2) therefore the appropriate standard for reviewing the IRS's determinations regarding his financial disability claims for 2006 and 2008 should be for an abuse of discretion.

As explained above, in Williams the taxpayers challenged the actions of the IRS in denying an in-person due process hearing under I.R.C. § 6330, which requires notice and an opportunity for a hearing before levy. See I.R.C. § 6330. The

court in Williams based its reasoning in part on the legislative history of I.R.C. § 6330, and partly on the fact that "many courts have adopted this tiered standard of review." Williams, 718 F.3d at 92; see Jones v. Comm'r, 338 F.3d 463, 466 (5th Cir. 2003). But this language in Williams only stands for the proposition that in the context of a collection due process case in which the underlying tax liability is not an issue, administrative determinations will be reviewed for an abuse of discretion. The reasoning of the Second Circuit Court of Appeals in Williams regarding § 6330 does not support the broader proposition that, in all tax-related suits, prior administrative determinations in which the underlying tax liability is not at issue should be reviewed for an abuse of discretion. Rather, in the context of tax refund actions, courts have allowed discovery beyond the administrative record and have addressed the issue of the taxpayer's financial disability de novo. See, e.g., Estate of Rubinstein, 96 Fed. Cl. at 652; Haller v. Comm'r, 100 T.C.M. (CCH) 9 (2010) (denying the plaintiff's claim for financial disability based on "the entire record," including his ability to earn an income and care for his children); Glover v. United States, No. 05-cv-60044-A, 2005 WL 1926614, at *2 (E.D. Mich. July 11, 2005) (rejecting the plaintiff's financial disability claim because the plaintiff was able to manage financial responsibilities such as making timely mortgage, car, and

21

utility bill payments); <u>Perkins v. Comm'r</u>, 96 T.C.M. (CCH) 352
(2008) (considering the petitioner's medical records and
testimony when deciding whether the petitioner had a financial
disability for the years at issue).

Moreover, it would be contrary to the purpose of § 1346(a),
which provides taxpayers an opportunity to challenge IRS
determinations through filing suit, if the district court
employed a deferential standard of review to the IRS action at
issue. Indeed, a <u>de novo</u> standard of review is actually
favorable to the petitioner, because an abuse of discretion
standard requires deference to the agency.

Accordingly, the plaintiff has not demonstrated that he is
entitled to a finding that this Court should review the IRS's
decision regarding his financial disability application for tax
years 2006 and 2008 only for an abuse of discretion.
Furthermore, given that the Court declines to review the IRS's
determinations regarding the plaintiff's financial disability
application for an abuse of discretion, the plaintiff is not
entitled to summary judgment for a finding that the appeals
officer, in reviewing his 2006 and 2008 refund claims, abused
the officer's discretion.

## CONCLUSION

The Court has considered all of the arguments raised by the
parties. To the extent not specifically addressed, the

arguments are either moot or without merit.  As explained above,

the plaintiff's partial motion for summary judgment is denied.

The Clerk is directed to close **all pending motions**.

**SO ORDERED.**

Dated:     **New York, New York
           July 12, 2018**

                                        **John G. Koeltl
                               United States District Judge**