USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-14-18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSHUA ROSNER,

      Plaintiff,

- against -

UNITED STATES OF AMERICA,

      Defendant.

16-cv-7256 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, District Judge:

The movant, Joshua Rosner, seeks reconsideration of the Court's Memorandum Opinion and Order dated July 12, 2018, in which the Court denied the movant's motion for partial summary judgment. Rosner v. United States, No. 16cv7256, 2018 WL 3392867 (S.D.N.Y. July 12, 2018). The movant's motion for reconsideration is **denied**.

I.

Reconsideration of a previous Opinion of the Court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Beacon Assocs. Litig., 818 F. Supp. 2d 697, 701 (S.D.N.Y. 2011) (quotation marks omitted). To succeed on a motion for reconsideration, the movant carries a heavy burden. The movant must show "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Doe v. N.Y.C. Dept. of

Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983). "When newly discovered evidence is the basis for reconsideration," the movant "must show that (1) the proffered evidence was unavailable despite the exercise of due diligence by the movant in procuring evidentiary support, and (2) manifest injustice will result if the court opts not to reconsider its earlier decision." In re Rezulin Prod. Liab. Litig., 224 F.R.D. 346, 350 (S.D.N.Y. 2004). "A motion for reconsideration is not an 'opportunity for making new arguments that could have been previously advanced . . . .'" Liberty Media Corp. v. Vivendi Universal, S.A., 861 F. Supp. 2d 262, 265 (S.D.N.Y. 2012) (quoting Associated Press v. U.S. Dep't of Def., 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005)). Moreover, "[t]he decision to grant or deny a motion for reconsideration rests within the sound discretion of the district court." Vincent v. Money Store, No. 03cv2876, 2014 WL 1673375, at *1 (S.D.N.Y. April 28, 2014) (quotation marks omitted); see also Scantibodies Lab., Inc. v. Church & Dwight Co., Inc., No. 14cv2275, 2018 WL 5847403, at *1 (S.D.N.Y. Nov. 7, 2018).

## II.

The movant does not set forth controlling law that the movant brought to the Court's attention in his motion for partial summary judgment and that the Court overlooked. Nor does the movant cite any intervening changes in controlling law that

2

compel a result other than the result reached in the Court's July 12, 2018 decision. Rather, the movant improperly reargues the same points made in his summary judgment briefing; and in doing so, the movant fails to point out persuasively any clear errors made by the Court or any need to prevent manifest injustice.

The movant also argues that new evidence obtained through discovery indicates that his civil action with respect to tax year 2006 was timely. The movant adds that such new evidence also rebuts the Court's conclusion that he knew of a potential cause of action for tax year 2006 but delayed bringing it. Rosner, 2018 WL 3392867 at *4-5. Consideration of the new evidence allegedly supporting the movant's arguments is improper because the evidence was not before the Court on the movant's motion for partial summary judgment and because discovery is still ongoing.[1] See Smith v. City of New York, 1 F. Supp. 3d 114, 123 (S.D.N.Y. 2013) ("A party seeking reconsideration is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to

---

[1] The movant also includes with his motion for reconsideration a Rule 56.1 Statement. The movant's Rule 56.1 Statement is stricken because a motion for reconsideration is not a proper vehicle to attach such a statement. See Camacho v. Brandon, 69 F. Supp. 2d 546, 548 (S.D.N.Y. 1999) ("Local Rule 56.1 would be utterly useless if, after failing to comply with the local rules, and failing to prevail on their motion, the erring parties could cure their mistake by submitting the Statement as part of a motion for reconsideration.").

advance new theories or adduce new evidence in response to the court's rulings. The motion to reconsider cannot properly advance new facts, issues or arguments not previously presented to the court." (quotation marks and citations omitted)); cf. Toussie v. Allstate Ins. Co., 213 F. Supp. 3d 444, 445 (E.D.N.Y. 2016) ("[C]ourts routinely deny motions for summary judgment as premature when discovery over relevant matters is incomplete.").

The new evidence obtained by the movant is not a basis for reconsideration. The evidence is simply the result of ongoing but incomplete discovery in this case. "[M]anifest injustice" will not occur "if the [C]ourt opts not to reconsider its earlier decision." See In re Rezulin, 224 F.R.D. at 350. In this case, the movant is attempting to place his version of new discovery before the Court even though discovery is not yet complete. Rather than a motion for reconsideration, the movant's motion is a new motion for partial summary judgment based on incomplete discovery. That is not a basis for reconsideration. The movant will have an opportunity to make a new motion for summary judgment after the completion of discovery.

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the reasons explained

above, the movant's motion for reconsideration is **denied**. The Clerk of Court is directed to close docket number 75.

**SO ORDERED.**

Dated: **New York, New York
November 14, 2018**

                                                        _____
                                                         John G. Koeltl
                                          **United States District Judge**