UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSHUA ROSNER,

      Plaintiff,

- against -

UNITED STATES OF AMERICA,

      Defendant.

---

16-cv-7256 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, District Judge:

  The plaintiff, Joshua Rosner, has filed an objection to a ruling by the Magistrate Judge dated March 13, 2019, that required the release of certain mental health information relating to the plaintiff.

  Because the plaintiff's objection is directed to a nondispositive matter decided by the Magistrate Judge, namely the release of certain mental health information relating to the plaintiff, it must be overruled unless the ruling of the Magistrate Judge was "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). "Under this highly deferential standard, magistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused." Thai Lao Lignite (Thailand) Co., Ltd. v. Gov't of Lao People's Democratic Republic, 924 F. Supp. 2d 508, 511 (S.D.N.Y. 2013).

1

The plaintiff objects that he seeks no damages relating to his mental health and therefore no discovery on that issue should be required. But the Magistrate Judge was plainly correct when he determined that the plaintiff had put his mental health at issue in this lawsuit and thereby waived the psychotherapist-patient privilege. The plaintiff's objection to the Magistrate Judge's ruling is therefore overruled.

The plaintiff also asks that the Court certify the question for appeal to the Court of Appeals pursuant to 28 U.S.C. § 1292(b). Appeals under 28 U.S.C. § 1292(b) are limited to "extraordinary cases where appellate review might avoid protracted and expensive litigation" and require "more than a claim that the court's ruling was wrong." <u>Mills v. Everest Reinsurance Co.</u>, 771 F. Supp. 2d 270, 273 (S.D.N.Y. 2009). Indeed, such appeals must "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The plaintiff has failed to show that there is any basis for an interlocutory appeal. The issue that the plaintiff seeks to certify is not subject to reasonable dispute and an interlocutory appeal would not facilitate the litigation but would rather unnecessarily delay it.

## CONCLUSION

The plaintiff's objection is **overruled** and his request for certification to the Court of Appeals is **denied.**

The Clerk is directed to close docket number 133.

**SO ORDERED.**

**Dated:** New York, New York
March 18, 2019

_____
John G. Koeltl
**United States District Judge**