```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

JOSHUA ROSNER,

        Plaintiff,

- against -

UNITED STATES OF AMERICA,

        Defendant.

16-cv-7256 (JGK)

MEMORANDUM OPINION
AND ORDER

**JOHN G. KOELTL, District Judge:**

The movant, Joshua Rosner, seeks reconsideration of the Court's Memorandum Opinion and Order dated December 22, 2019, in which the Court denied the movant's three-part motion, which (1) objected to the Magistrate Judge's order denying in part the movant's request to quash the Government's third-party subpoenas, (2) requested appellate certification for the Magistrate Judge's order under 28 U.S.C. § 1292(b), and (3) requested a writ of mandamus under 28 U.S.C. § 1361 compelling the Commissioner of the Internal Revenue Service to conclude that the movant was financially disabled during the tax years in question. Rosner v. United States, No. 16cv7256, 2018 WL 6788073 (S.D.N.Y. Dec. 22, 2018). The movant's motion for reconsideration is **denied**.

### I.

Reconsideration of a previous Opinion of the Court is an "extraordinary remedy to be employed sparingly in the interests

of finality and conservation of scarce judicial resources." In re Beacon Assocs. Litig., 818 F. Supp. 2d 697, 701 (S.D.N.Y. 2011) (quotation marks omitted). To succeed on a motion for reconsideration, the movant carries a heavy burden. The movant must show "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Doe v. N.Y.C. Dept. of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983). "A motion for reconsideration is not an 'opportunity for making new arguments that could have been previously advanced . . . .'" Liberty Media Corp. v. Vivendi Universal, S.A., 861 F. Supp. 2d 262, 265 (S.D.N.Y. 2012) (quoting Associated Press v. U.S. Dep't of Def., 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005)). Moreover, "[t]he decision to grant or deny a motion for reconsideration rests within the sound discretion of the district court." Vincent v. Money Store, No. 03cv2876, 2014 WL 1673375, at *1 (S.D.N.Y. April 28, 2014) (quotation marks omitted).

## II.

The movant does not set forth controlling law that the movant brought to the Court's attention in his prior motion and that the Court overlooked. Nor does the movant cite any intervening changes in controlling law or the availability of any new evidence that would compel a result other than the result reached in the Court's December 22, 2018 decision.

2

Rather, the movant improperly reargues the same points he made in briefing his prior motion; and in doing so, the movant fails to point out persuasively any clear errors made by the Court or any need to prevent manifest injustice.

The movant has therefore failed to carry the heavy burden of succeeding on a motion for reconsideration.

## CONCLUSION

For the reasons explained above, the movant's motion for reconsideration is **denied**. The Clerk of Court is directed to close docket number 132.

**SO ORDERED.**

**Dated:** **New York, New York**
**March 18, 2019**

_____
**John G. Koeltl**
**United States District Judge**