U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

Copy mailed to pro se party(ies) at docket address

86 Chambers Street
New York, New York 10007

September 7, 2021

**VIA ECF**
The Honorable John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

[Handwritten: A pre-motion conference will be held on Monday, September 13, 2021, at 12:30pm. Dial-in: (888) 363-4749, access code 8140049. The Clerk shall close entries 176 and 177 as letter motions. SO ORDERED. /s/ JGK USDJ 9/7/21]

Re: *Rosner v. United States*, 16 Civ. 7256 (JGK) (JLC)

Dear Judge Koeltl:

This Office represents the United States of America in the above-referenced action. Pursuant to Your Honor's Individual Practices, we write to request a pre-motion conference in advance of the Government's anticipated motion for partial summary judgment in this case. Specifically, the Government intends to move for summary judgment on plaintiff Joshua Rosner's tax refund claim for the 2006 tax year, as well as his claims under the Freedom of Information Act.

In this case, Plaintiff claims that he is entitled to refunds of tax overpayments for the 2006 and 2008 tax years. He, however, commenced this litigation only after the deadline for bringing a refund claim in district court for the 2006 tax year had expired. Specifically, the Internal Revenue Code provides that "[n]o suit or proceeding under [26 U.S.C. §] 7422(a) [i.e., a tax refund suit filed in federal court] for the recovery of any internal revenue tax . . . shall be begun . . . after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary [of the Treasury] to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates." 26 U.S.C. § 6532(a)(1).

This Court has previously held that this provision is subject to equitable tolling. *See* Dkt. No. 74 at 10-13. Even assuming that is so, however, such tolling is available only in "rare and exceptional circumstances." *Martinez v. Superintendent of E. Corr. Facility*, 806 F.3d 27, 31 (2d Cir. 2015) (citation and alteration omitted). Although Plaintiff's complaint alleges that he has suffered from post-traumatic stress disorder, an illness may justify equitable tolling only "if the party seeking tolling was so incapacitated by h[is] illness that []he could not take action to protect h[is] rights during the period she seeks to toll." *McGuirk v. Swiss Re Fin. Servs., Corp.*, No. 14 Civ. 9516, 2016 WL 10683305, at *11 (S.D.N.Y. June 17, 2016). Here, the undisputed evidence demonstrates that, during the time period between the date of Internal Revenue Service's Notice of Disallowance and when he commenced this action, Plaintiff, through representatives, administratively appealed the Notice of Disallowance, hired a law firm to represent him in certain tax matters, appeared on television programs, authored an article

published by the *American Banker*, and ███████████████████████████████.[1] Under such circumstances, he was not entitled to equitable tolling of the deadline for filing this lawsuit. *See Franklin v. New York*, 653 F. App'x 771 (2d Cir. 2016) (declining to equitably toll a limitations period based on an alleged mental illness because the record demonstrated that plaintiff had, during the relevant time period, prepared legal papers and studied for an exam).[2]

Further, liberally construed, Plaintiff's complaint also includes FOIA claims arising from an April 2016 request to IRS that sought records relating to him for tax years 2006-2010. *See* Complaint, Dkt. No. 2 at 11. IRS, however, has produced all records identified by its searches for responsive records, with only limited redactions relating to sensitive information concerning individuals other than Plaintiff. Further, under FOIA, a search "need not be perfect, but rather need only be reasonable." *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 489 (2d Cir. 1999). Here, IRS satisfied its burden by searching for responsive documents, among other things, within Plaintiff's records at the appropriate IRS Federal Records Center.[3]

We thank the Court for its consideration of this matter.

                              ILAN T. GRAFF
                              Attorney for the United States,
                              Acting Under Authority Conferred by
                              28 U.S.C. § 515

By:    /s/ Charles S. Jacob
         CHARLES S. JACOB
         Assistant United States Attorney
         86 Chambers Street, Third Floor
         New York, NY 10007
         Tel: (212) 637-2725
         Fax: (212) 637-2702
         charles.jacob@usdoj.gov

cc: *Pro se* Plaintiff (via U.S. mail and email)

---

[1] The Government is provisionally filing this information under seal as it was designated as confidential under the protective orders in this action. The Government has separately submitting a letter motion regarding the provisional sealing of this information.

[2] The Government does not intend to move for summary judgment on Plaintiff's tax refund claim for tax year 2008. In order to prevail on his claim for that year, Plaintiff must demonstrate that he was "unable to manage [his] financial affairs due to disability" during the relevant time period. 26 U.S.C. § 6511(h). The Government maintains that Plaintiff was indeed able to manage his financial affairs during the relevant time period, and is prepared to try that issue after the resolution of its motion.

[3] The Government remains willing to meet and confer with Plaintiff in an attempt to narrow or eliminate any remaining FOIA issues in this case.